**LIST OF EXHIBITS** 

**1**

| Claimant: | Enedelia Gonzalez | SSN: | 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 |
|---|---|---|---|

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|

*Court transcript Pages #'s*

### PAYMENT DOCUMENTS/DECISIONS

| 1 | A | Documents | *25 - 28* | 4 |
|---|---|---|---|---|

### JURISDICTIONAL DOCUMENTS/NOTICES

| 1 | B | Documents | *29 - 60* | 32 |
|---|---|---|---|---|
| 2 | B | Notice of Hearing dated 1/9/04 | *61 - 72* | 16 |

### NON-DISABILITY DEVELOPMENT

| 1 | D | Documents | *73 - 82* | 14 |
|---|---|---|---|---|

### DISABILITY RELATED DEVELOPMENT AND DOCUMENTATION

| 1 | E | Disability Report - Adult | *83 - 86* | 10 |
|---|---|---|---|---|
| 2 | E | Disability Report - Field Office | *87 - 93* | 4 |
| 3 | E | Pain Report - Adult | *94 - 90* | 7 |
| 4 | E | Supplemental Questionnaire dated 12-18-00 | *91* | 6 |

 **LIST OF EXHIBITS**                     2

| Claimant: | Enedelia Gonzalez | SSN: | 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 |
|---|---|---|---|

| Exh. No. | Part No. | Description | | No. of Pages |
|---|---|---|---|---|
| 5 | E | Report of Contact dated 1-22-01 | *101* | 1 |
| 6 | E | Case Assessment form dated 3-19-01 | *102* | 1 |
| 7 | E | Reconsideration Disability Report dated 4-19-01 | *103-105* | 4 |
| 8 | E | Report of Contact dated 5-25-01 | *106* | 1 |
| 9 | E | Case Assessment form dated 5-31-01 | *107* | 1 |
| 10 | E | Disability Report - Adult | *108-117* | 10 |
| 11 | E | Pain Report - Adult | *118-125* | 8 |
| 12 | E | Reconsideration Disability Report dated 1-9-03 | *126-129* | 4 |
| 13 | E | Case Assessment form dated 11-15-02 and 3-21-03 | *130* | 1 |
| 14 | E | Claimant's Statement When Request for Hearing is Filed and the Issue is Disability | *131-132* | 2 |

## MEDICAL RECORDS

| | | | | |
|---|---|---|---|---|
| 1 | F | Emergency Room Records dated 11-18-99 from Valley Baptist Medical Center | *133-136* | 4 |
| 2 | F | Internal Medicine Consultative Examination dated 2-16-01 by Dionisio B. Calvo III, M.D. | *137-140* | 4 |
| 3 | F | Internal Medicine Consultative Examination dated 11-5-02 by John W. Reeder, M.D. | *141-144* | 4 |
| 4 | F | Medical Records covering the period from 11-2-99 to 2-14-03 from Abraham Cano, M.D. | *145-163* | 19 |
| *5* | *F* | *medical Documents* | *164-181* | |

2A

ENEDELIA GONZALEZ
Claimant

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
Social Security Number


Wage Earner

Social Security Number

## AC EXHIBITS LIST

| EXHIBIT NO. | DESCRIPTION | NO. OF PAGES | COURT TRANSCRIPT PAGE NO. |
|---|---|---|---|
| Exhibit AC-1 | Brief from Philip Lerway | | See Pages 8-12 |

«Name»

 **SOCIAL SECURITY ADMINISTRATION**

**Refer to: TAHB**
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

Office of Hearings and Appeals
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (703) 605-8000
Date:

3

**JUN 04 2004**

## NOTICE OF APPEALS COUNCIL ACTION

Ms. Enedelia Gonzalez
P.O. Box 1064
Santa Rosa, TX 78593

This is about your request for review of the Administrative Law Judge's decision dated March 26, 2004.

### We Have Denied Your Request for Review

We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review.

This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.

### Rules We Applied

We applied the laws, regulations and rulings in effect as of the date we took this action.

Under our rules, we will review your case for any of the following reasons:

- The Administrative Law Judge appears to have abused his or her discretion.

- There is an error of law.

- The decision is not supported by substantial evidence.

- There is a broad policy or procedural issue that may affect the public interest.

- We receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record.

### What We Considered

In looking at your case, we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council.

CLAIM FILE

Enedelia Gonzalez (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)                                Page 2 of 3

4

We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

**If You Disagree With Our Action**

If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.

If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.

**How to File a Civil Action**

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to:

> The General Counsel
> Social Security Administration
> Room 617 Altmeyer Building
> 6401 Security Boulevard
> Baltimore, MD 21235

And:

> The Attorney General of the United States
> Washington, DC 20530

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to

CLAIM FILE

Enedelia Gonzalez (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)                              Page 3 of 3

5

ask for court review.  You must make the request in writing and give your reason(s) in
the request.

You must mail your request for more time to the Appeals Council at the address shown at the
top of this notice.  Please put the Social Security number(s) also shown at the top of this
notice on your request.  We will send you a letter telling you whether your request for more
time has been granted.

## About The Law

The right to court review for claims under Title II (Social Security) is provided for in Section
205(g) of the Social Security Act.  This section is also Section 405(g) of Title 42 of the United
States Code.

The right to court review for claims under Title XVI (Supplemental Security Income) is
provided for in Section 1631(c)(3) of the Social Security Act.  This section is also Section
1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.

## If You Have Any Questions

If you have any questions, you may call, write, or visit any Social Security office.  If you do
call or visit an office, please have this notice with you.  The telephone number of the local
office that serves your area is 956-423-5227.  Its address is:

> SOCIAL SECURITY
> 320 E JACKSON ST
> HARLINGEN, TX 78550

> ORIGINAL SIGNED BY


> Ronald M. Rogers
> Appeals Officer

Enclosure:  Order of Appeals Council

cc: John Ingram
    P.O. Box 5683
    Midland, TX 79704

CLAIM FILE

6

Social Security Administration
OFFICE OF HEARINGS AND APPEALS

### ORDER OF APPEALS COUNCIL

| IN THE CASE OF | CLAIM FOR |
|---|---|
| Enedelia Gonzalez | Supplemental Security Income |
| (Claimant) | |
| | 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 |
| (Wage Earner) | (Social Security Number) |

The Appeals Council has received additional evidence which it is making part of the record. That evidence consists of the following exhibits:


Exhibit AC-1       Brief from Philip Lerway


Date: JUN 04 2004


CLAIM FILE

7

SECURITY ADMINISTRATION/OFFICE OF HEARINGS AND APPEALS

Form Approved
OMB No. 0960-0277

## REQUEST FOR REVIEW OF HEARING DECISION/ORDER
*(Take or mail original and all copies to your local Social Security office)*

See Privacy Act
Notice on Reverse

| 1. CLAIMANT **ENEDELIA GONZALEZ** | 2. WAGE EARNER, IF DIFFERENT |
|---|---|
| 3. SOCIAL SECURITY CLAIM NUMBER **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** | 4. SPOUSE'S NAME AND SOCIAL SECURITY NUMBER. *(Complete ONLY in Supplemental Security Income Case)* |

5. I request that the Appeals Council review the Administrative Law Judge's action on the above claim because:

**WE REQUEST REVIEW OF THIS HEARING DECISION AND THAT THE DECISON BE REVERSED AND RENDERED OR REVERSED AND REMANDED BASED UPON LACK OF SUBSTANTIAL EVIDENCE AND ERROR OF LAW. PLEASE SEE ATTACHED.**

### ADDITIONAL EVIDENCE

If you have additional evidence, submit it with this request for review. If you need additional time to submit evidence or legal argument, you must request an extension of time in writing now. If you request an extension of time, you should explain the reason(s) you are unable to submit the evidence or legal argument now. If you neither submit evidence or legal argument now nor within any extension of time the Appeals Council grants, the Appeals Council will take its action based on the evidence of record.

**IMPORTANT:** Write your Social Security Claim Number on any letter or material you send us.

SIGNATURE BLOCKS: You should complete No. 6 and your representative (if any) should complete No. 7. If you are represented and your representative is not available to complete this form, you should also print his or her name, address, etc. in No. 7.

| DATE  05/11/04 | ☐ ATTORNEY     ☒ NON-ATTORNEY |
|---|---|
| 6. CLAIMANT'S SIGNATURE | 7. REPRESENTATIVE'S SIGNATURE |
| PRINT NAME  **ENEDELIA GONZALEZ** | PRINT NAME  **JOHN J INGRAM** |
| ADDRESS  **PO BOX 1064** | ADDRESS  **P.O. BOX 5683** |
| (CITY, STATE, ZIP CODE) **SANTA ROSA      TX      78593** | (CITY, STATE, ZIP CODE) **MIDLAND          TEXAS    79704** |
| TELEPHONE NUMBER (INCLUDE AREA CODE) **(956)636-9913** | TELEPHONE NUMBER **(432)685-0773** | FAX NUMBER (INCLUDE AREA CODE) **(432)684-6213** |

### THE SOCIAL SECURITY ADMINISTRATION STAFF WILL COMPLETE THIS PART

8. Request received for the Social Security Administration on _____ by: _____

| (Title) | (Address) | Servicing FO Code | PC Code |
|---|---|---|---|

9. Is the request for review received within 65 day of the ALJ's Decision/Dismissal?     Yes ☐     No ☐

10. If no checked: (1) attach claimant's explanation for delay; and (2) attach copy of appointment notice, letter or other pertinent material or information in the Social Security Office.

| 11. Check one:     ☐ Initial Entitlement<br>                  ☐ Termination or other | 12. Check all claim types that apply: |
|---|---|
| | ☐ Retirement or survivors      (RSI) |
| | ☐ Disability—Worker            (DIWC) |
| | ☐ Disability—Widow(er)         (DIWW) |
| | ☐ Disability—Child             (DIWC) |
| APPEALS COUNCIL<br>OFFICE OF HEARINGS AND APPEALS, SSA<br>5107 Leesburg Pike<br>FALLS CHURCH, VA 22041 - 3255 | ☐ SSI Aged          (SSIA)<br>☐ SSI Blind          (SSIB)<br>☐ SSI Disability     (SSID)<br>☐ Health Insurance-Part A   (HIA)<br>☐ Health Insurance-Part B   (HIB)<br>☐ Other—Specify: _____ |

Form HA-520-U5 (3-94)
Destroy old stock

**CLAIMS FOLDER**

Approved by SSA/OPLM, 7-96 0005

8



### *Associated Disability Advocates*
### *Social Security Disability Specialists*

May 11, 2004

Appeals Council
Office of Hearings and Appeals, SSA
5107 Leesburg Pike
Falls Church, VA  22041-3255

RE:  Enedelia Gonzales                    **CERTIFIED MAIL**
SSN:  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                         **7002 3150 0005 0479 6722**

Enclosed please find the Request for Review of Hearing Decision/Order (HA-520-U5) for review of the Administrative Law Judge's unfavorable decision dated March 26, 2004 on the above referenced claimant.

If further information is needed, please contact this office.

Sincerely,

John J. Ingram
Administrative Advocate
Associated Disability Advocates

Appeals Council
Office of Hearings
and Appeals
5107 Leesburg Pike
Falls Church, VA 22041-3255


APPELLANT: Enedelia Gonzalez
SSN: 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


BRIEF IN SUPPORT OF CLAIMANT'S APPEAL

    The claimant herby avers the Administrative Law Judge's ("ALJ's") decision violates the <u>substantial evidence</u> provisions of <u>20 CFR 404.970 and 416.1470</u> and in support thereof respectfully shows the following:

## I. **THE DECISION FALLS INTO ERROR BY IMPROPERLY CONCLUDING THE CLAIMANT HAS NO SEVERE IMPAIRMENTS.**

    The Administration's own consultative examiner, Dr. John Reeder, concluded in Exhibit 3F that the claimant had the following limited functional abilities:

    -Standing:      80%
    -Moving about:  75%
    -Lifting:       70%
    -Carrying:      70%

**If a worker has a 30% reduction in her ability to carry, 30% reduction in her ability to lift, 25% reduction in her ability to move about, and a 20% reduction in her ability to stand, then, a fortiori, that worker has "more than a slight abnormality... (which) imposes more than minimal limitations on the individual's physical ability to engage in basic work activities."** <u>Stone v. Heckler</u>, 752 F.2nd 1099 (5th Cir. 1985); Social Security Rulings 85-28 and 96-3p.

    A Step 2 finding of no severe impairment should not be entered into lightly. "Great care should be exercised in applying the not severe impairment concept." SSR 85-28. Because of the findings in the medical record of polyarthralgia, lumbar degenerative changes, and generalized arthritis (Exhibits 2F, 4F), it seems "great care" was not exercised.


1

**10**

## II. THE DECISION ERRS BY FAILING TO RECOGNIZE THE NECESSITY OF A MENTAL EVALUATION.

The Administrative Law Judge ("ALJ") erred in completely ignoring claimant's mental impairment and symptomatology. As stated in the decision, the claimant must care for her disabled son. **What is omitted is the fact that her son is 18 years old, has been brain damaged since birth, and is, incredibly, only two and one-half feet long.** He is completely helpless. Ms. Gonzalez testified she literally carries him wherever she goes. He cannot be left alone. A relative cared for her son while she was at the hearing.

As noted in the Decision at 3, one of the claimant's problems noted by her treating doctor, Dr. Abraham Cano, is that she is "**emotionally upset** after an argument with Child Protective Services." Emphasis added.

The ALJ's omission of consideration of claimant's mental impairment and associated mental limitations is a violation of Social Security Ruling ("SSR") 96-8p. SSR 96-8p requires:

> The adjudicator must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC. Careful consideration must be given to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions that can be shown by objective medical evidence alone.

(See SSR 96-8p). (Emphasis added.)

The Regulations, 20 C.F.R. Sec. 404.1529 and 416.929, SSR 96-7p, and case law require that a mental impairment be investigated when medical signs and lab findings do not substantiate any physical impairment capable of producing the alleged pain. The ALJ may disagree because (1) the medical signs and laboratory findings do suggest a physical impairment capable of producing the symptoms alleged. **The key word here is "alleged" and places the Administration in a "Catch 22". If the medical does suggest a physical impairment capable of producing the symptoms alleged, then the ALJ decision cannot be based on substantial evidence; if the medical does not suggest a physical impairment capable of producing the symptoms alleged, then the Commissioner's own regulation requires a psychological consultative exam.** All the regulation requires is that "we have information to suggest that such an impairment exists" and then "we will develop evidence regarding the possibility of a medically determinable mental impairment". 20 C.F.R. Sec. 404.1529(b):

2

> We _will_ develop evidence regarding the _possibility_ of a medically determinable _mental_ impairment when we have information to _suggest_ that such an impairment exists, and you _allege_ pain or other symptoms but the medical signs and laboratory findings do not substantiate any physical impairment(s) capable of producing _the_ pain or other symptoms. 20 C.F.R. Sec. 404.1529(b). (See also SSR 95-5p)

In _Latham v. Shalala_, 36 F.3d 482, 484 (5th Cir. 1994) the Court supported this proposition:

> First, the ALJ did not consider the possibility that Latham's pain and other symptoms might result from his mental condition. When medical findings do not substantiate the existence of physical impairments capable of producing alleged pain and other symptoms, the ALJ _must_ investigate the possibility that a mental impairment is the basis of the symptoms. 20 C.F.R. 404.1529(b).

> The ALJ dismissed many of Latham's complaints of pain and severe discomfort when he decided that Latham's _physical_ ailments were not serious. The ALJ noted that Latham had been diagnosed with a possible somatization disorder. The basic feature of somatoform disorders is the presence of physical symptoms for which there are no demonstrable organic findings. 20 C.F.R. subpt. P, app. 1, s 12.07 (1994). Yet, the ALJ did not investigate the possibility that Latham's pain and symptoms existed as a result of the disorder.(emphasis added).

We note further that the above regulation does _not_ require that a _mental_ condition be _alleged_, only that the _record_ suggest such an impairment, and that there is insufficient evidence to substantiate _physical_ impairments capable of producing the _alleged_ pain or other symptoms.

Further, a consultative (psychological) exam at government expense may be required if the record establishes that such an exam is necessary to enable the ALJ to make the disability decision, and where the claimant "_raises the requisite suspicion_" that such an exam is necessary for the ALJ to discharge his duty of full inquiry. _Anderson v. Sullivan_, 887 F.2d 630, 634 (5th Cir. 1989); _Pierre v. Sullivan_, 884 F.2d 799, 802 (5th cir. 1989);

3

*12*

<u>Pearson v. Bowen</u>, 866 F.2d 809, 812 (5th Cir. 1989). Clearly, the medical records and the testimony raise "the requisite suspicion" that such an exam is necessary.

In conclusion, the ALJ has essentially found that "the medical signs and laboratory findings do not substantiate any physical impairment(s) capable of producing <u>the</u> pain or other symptoms". And, the testimony and the medical records have conclusively shown that "we have information to <u>suggest</u>" that a mental impairment exists. 20 C.F.R. Sec. 404.1529(b) and have certainly raised "<u>the requisite suspicion</u>" that such an exam is necessary.

Respectfully Submitted,

Philip R. Lerway
Attorney-at-Law
  Co-Representative
Associated Disability Advocates

4



**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
Park Central VIII, Suite 800
12770 Merit Drive
Dallas, TX 75251-1220
Code: O, 7240
Date: MAR 2 6 2004

**13**

Enedelia Gonzalez
P.O. Box 1064
Santa Rosa, TX 78593

### NOTICE OF DECISION – UNFAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**If You Disagree With The Decision**

If you do not agree with my decision, you may file an appeal with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must request that the Appeals Council review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the **Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255**. Please put the Social Security number shown above on any appeal you file.

**Time To File An Appeal**

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

**Time To Submit New Evidence**

You should submit any new evidence you wish to the Appeals Council to consider **with** your request for review.

See Next Page

Enedelia Gonzalez (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)                              Page 2 of 3

**How An Appeal Works**                                                    **14**

   Our regulations state the rules the Appeals Council applies to decide when and how to review
   a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III,
   Part 416, Subpart N.

   If you file an appeal, the Council will consider all of my decision, even the parts with which
   you agree. The Council may review your case for any reason. It **will** review your case if one
   of the reasons for review listed in our regulations exists. Section 416.1470 of the regulations
   lists these reasons.

   Requesting review places the entire record of your case before the Council. Review can
   make any part of my decision fully or partially favorable or unfavorable to you.

   On review, the Council may itself consider the issues and decide your case. The Council
   may also send it back to an Administrative Law Judge for a new decision.

**The Appeals Council May Review The Decision On Its Own**

   The Appeals Council can review my decision even without your request to do so. If it
   decides to do that, the Council will mail you a notice about its review within 60 days from
   the date of this notice.

**If No Appeal And No Appeals Council Review**

   If you do not appeal and the Council does not review my decision on its own motion, you
   will not have a right to court review. My decision will be a final decision that can be
   changed only under special rules.

**New Application**

   You have the right to file a new application at any time, but filing a new application is not the
   same as appealing this decision. If you disagree with my decision and you file a new
   application instead of appealing, you might lose some benefits, or not qualify for any
   benefits. <u>My decision could also be used to deny a new application for insurance benefits, if
   the facts and issues are the same</u>. So, if you disagree with this decision, you should file an
   appeal within 60 days.

See Next Page

Enedelia Gonzalez (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)                                      Page 3 of 3    15

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (956) 423-5227. Its address is 320 E. Jackson St., Harlingen, TX 78551.

*Christopher Lee Williams*

CHRISTOPHER L. WILLIAMS
Administrative Law Judge

Enclosures

cc:  Philip R. Lerway, Esq.
     Attorney at Law
     P.O. Box 5683
     Midland, TX 79704



**ADMINISTRACION DEL SEGURO SOCIAL**

**Referirse a:** 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

Offcina de Audiencias y  Apelaciones
Park Central VIII, Suite 800    **16**
12770 Merit Drive
Dallas, TX 75251-1220

Date:


Enedelia Gonzalez
P.O. Box 1064
Santa Rosa, TX 78593

### NOTIFICACION DE DECISION – DESFAVORABLE

Yo he hecho la decisión adjunta en su caso.  Por favor lea esta notificación y decisión
cuidadosamente.

**Si Usted No Está De Acuerdo Con La Decisión**

Si usted no está de acuerdo con la decisión, puede apelar al Consejo de Apelaciones.

**¿Cómo Apelar?**

Para apelar, usted o su representante tine queue solicitor queue el Conejos de Appellations
revise mi decision.  Su solicitud tine queue ser por escrito. Puede usar nuestro formulario
Solicitud de Revisión, HA-520, o escribir una carta.

Puede someter su solicitud en cualquier oficina local de Seguro Social o de Audiencias y
Appellations.  También puede enviar su solicitud por correo directamente al Conejos de
Appellations, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA  22041-
3255. Por favor escriba el número de Seguro Social referido arriba en toda solicitud queue
someta.

**Límite De Tiempo Para Apelar**

Para apelar, tine queue someter su solicitud de revisión **dentro de 60 días** después del día en
queue recibió esta notificación.

El Conejos de Appellations asume queue usted recibió esta notificación 5 días después de la
fecha indicada arriba, a menos queue usted pruebe queue no la recibió dentro del período de 5
días.  El Conejos desestimará una solicitud vencida a menos queue demuestre tener una buena
razón para no solicitor a tiempo.


Siguiente Página

Enedelia Gonzalez (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)                                          Página 2 de 3

**17**

### ¿Nueva Evidencia?

Usted debe someter toda nueva evidencia queue desee queue el Conejos de Appellations considere **junto con** su solicitud de revisión.

### Cómo Funciona El Proceso De Apelar

Nuestras regulaciones declaran las reglas queue el Conejos de Appellations aplica al decidir si va a revisar un caso y al revisar el caso. Estas reglas se encuentran en el Código de Regulaciones Federales, Título 20, Capítulo III, Sección 416 (Inciso N).

Si usted apela, el Conejos revisará toda la decision, aún los aspectos con los cuales usted está de acuerdo. El Conejos puede revisar su caso por cualquier razón. **Revisará** su caso si existe una de las razones indicadas en nuestras regulaciones para revisar. La Sección 416.1470 de las regulaciones especifican estas razones. Al Solicitor una revisión, usted abre todo aspecto de su caso ante el Conejos. La revisión puede hacer cualquier parte de la decision completa o parcialmente favorable o desfavorable para usted.

El Conejos también puede devolver su caso a un Juez de Derecho Administrativo para una nueva decision ó puede considerar los asuntos en disputa é indepedientemente hacer una decision en su caso.

### El Conejos De Appellations Puede Revisar La Decision

El Conejos de Appellations puede revisar mi decision aún sin queue usted lo solicite. Si así lo decide, el Conejos le enviará una notificación acerca de la revisión dentro de 60 días despues de la fecha indicada en esta notificación.

### Si No Apela Y El Conejos De Appellations No Revisa

Si usted no apela y el Conejos no revisa mi decision independientemente, usted no tendra el derecho de apelar ante una Corte Federal. Mi decision sera definitiva y solo podrá cambiarse bajo reglas especiales.

### Nueva Solicitud

Usted puede solicitor en cualquier momento, pero someter una nueva solicitud no es lo mismo queue apelar mi decision. Si usted no esta de acuerdo con mi decision y somete una nueva solicitud en vez de apelar, podría no calificar para beneficios o perder algunos beneficios. Mi desición también podría ser usada para denegar una nueva solicitud para beneficios de Seguro Social si los datos y asuntos disputados son los mismos. Así queue si no está de acuerdo con esta decision, usted debe apelar dentro de 60 días.

Siguiente Página

Enedelia Gonzalez (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)                          Página 3 de 3

**18**

**Si Tine Alguna Pregunta**

Si tine alguna pregunta, puede llamar, escribir, o visitar cualquier Oficina del Seguro Social.
Si visita una oficina, por favor lleve consigo esta notificación y decision.  El número de
teléfono de su oficina local es **(956) 423-5227**.  La dirección es 320 E. Jackson St., Harlingen,
TX  78551.

*Christopher Lee Williams*

CHRISTOPHER L. WILLIAMS
Juez de Derecho Administrativo

Adjunto

cc:    Philip R. Lerway, Esq.
        Attorney at Law
        P.O. Box 5683
        Midland, TX 79704

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### DECISION

**IN THE CASE OF**                                    **CLAIM FOR**

Enedelia Gonzalez                                    Supplemental Security Income
(Claimant)

_____                              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
(Wage Earner)                                        (Social Security Number)

### INTRODUCTION

The claimant previously filed an application for Supplemental Security Income payments which was denied initially and on reconsideration. She did not pursue the claim further. On August 30, 2002 the claimant filed a new application for Supplemental Security Income payments. The claim was denied initially and on reconsideration, and a request for hearing was timely filed. The claimant appeared and testified at a hearing held on March 3, 2004 in Harlingen, Texas, as did Charles Murphy, M.D., medical expert. Mitka Chacon, vocational expert, also appeared. Frances Gonzalez served as interpreter. Attorney Philip R. Lerway represents the claimant in this matter.

The general issue is whether the claimant is disabled under Section 1614(a)(3)(A) of the Social Security Act. The specific issue is whether she is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

Upon reviewing all of the evidence of record, I conclude that the claimant is not disabled within the meaning of the Social Security Act.

### STATUTORY PROVISIONS

Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last, for a continuous period of not less than 12 months. See 42 U.S.C. § 423(d)(3). A claimant is disabled if her impairment or impairments are so severe that she cannot successfully perform her past work and, considering her age, education and work experience, cannot successfully perform any other work that exists in significant numbers in the national economy. See 42 U.S.C. § 423(d)(2)(A).

See Next Page

## EGULATORY PROVISIONS

A claim for disability benefits is analyzed using a five-step sequential evaluation. See 20 C.F.R. § 416.920 (2003). The first consideration is whether the claimant is working and engaging in substantial gainful activity. The second consideration is whether she has a medically determinable impairment or impairments, which are "severe." An impairment is severe if it is more than a slight abnormality and imposes more than a minimal limitation on the ability to engage in basic work-related activities. If the claimant has a severe impairment, the "Listing of Impairments" is reviewed to determine whether her impairment or impairments, singly or in combination, are attended by clinical and laboratory findings which are the same as, or equivalent to, the medical criteria specified for any impairment listed. See 20 C.F.R., Part 404, Subpart P, Appendix 1. When a listing is met or equaled, the claimant is entitled to disability based on the medical facts alone. If a listing is not met or equaled, the claimant's residual functional capacity, the work that she can do despite the impairment(s) must be assessed to determine whether she can do her past relevant work and if she cannot, whether she can work in any other jobs which exist in significant numbers in the national economy.

## EVALUATION OF THE EVIDENCE

Regulations 20 C.F.R. § 416.972 (2003) define substantial work activity as work that involves doing significant physical or mental activities. Work can be considered substantial even if it is done on a part-time basis or if less money is earned or work responsibilities are lessened from previous employment. Gainful work activity is the kind of work usually done for pay or profit, whether or not a profit is realized. The claimant has not engaged in substantial gainful activity since her alleged onset date.

The next consideration is whether the claimant has a medically determinable impairment or combination of impairments that is "severe" by regulatory definition. A medically determinable impairment must result from anatomical, physiological or psychological abnormalities that can be shown by medically acceptable clinical and diagnostic techniques. See 20 C.F.R. § 416.908 (2003). The impairment must be established by medical evidence consisting of signs, symptoms and laboratory findings and not just be the claimant's own statement of symptoms. See 20 C.F.R. § 416.927 (2003). A medically determinable impairment or combination of impairments is severe if it is more than a slight abnormality and imposes more than minimal limitations on the individual's physical or mental ability to engage in basic work activities. See 20 C.F.R. § 416.921 (2003), *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985), and Social Security Rulings 85-28 and 96-3p.

The claimant alleges disability due to arthritis and low back problems. She has also reported decreased vision.

A consultative internal medicine examination was ordered and carried out by Dionisio B. Calvo, III, M.D., on February 16, 2001. The claimant complained of pain on the vertex of the head, nape, both shoulders, both elbows, both wrists, the lumbosacral area, knees and ankles. This has been diagnosed as arthritis by her treating physician, Dr. Abraham Cano. Her pain occurs at least twice a day and lasts for 20 to 30 minutes and disappears spontaneously. She does take

See Next Page

Ibuprophen, 600 mg., three times a day. She also complained of falling and poor vision. She does not know how to drive, but she is able to perform all activities of daily living. She walked into the office unassisted. Spinal curvature was normal; hearing and voice were normal. Snellen's eye exam was 20/20 with glasses. She was able to transfer to and from the examining table and chair without aid and could dress and undress without difficulty. She was 59 inches tall and weighed 182 pounds. Her physical examination was essentially normal. Motor function was intact. Muscle tone and strength in all extremities was normal. Gait was normal. Impression was polyarthralgia without evidence of contracture deformity, subluxation, atrophy, fasciculation or radiculopathy, and visual problems, most probably error in refraction. X-ray of the lumbar spine revealed minimal degenerative changes and was essentially a normal study. Exhibit 2F.

Another consultative examination was carried out on November 5, 2002 by John W. Reeder, M.D. The claimant complained of pain in the nape and shoulders. She was hugely obese and in no distress at rest. The examination was basically normal. X-ray of the lumbosacral spine was normal except for scattered osteophytes. The impression was obesity and complaint of back pain. Dr. Reeder opined that she could sit 100 percent, stand 80 percent, move about 75 percent, lift and carry 70 percent, and handle objects 90 percent. Dr. Reeder noted that the vast majority of her limitation was due to obesity. Exhibit 3F.

Medical records in file from the claimant's treating physician, Abraham Cano, M.D., cover the period of November 2, 1999 through February 14, 2003. She has been treated for generalized arthritis, upper respiratory infections, and emotional upset after an argument with Child Protective Services. Most of her visits were for routine follow-up or medication refills. Exhibit 4F.

The claimant testified she is divorced and has not worked for many years because she is caring for a disabled child. She complains of arthritis all over her body and poor vision. She is not seeing a doctor now because of lack of funds.

Dr. Charles Murphy, medical expert, testified that the claimant does not have an impairment that meets or equals any of the impairments found in the listings. She has obesity and minimal lumbar spurring consistent with age. She has had two consultative examinations that were within normal limits. She complains of back pain but had normal back studies. Her glasses correct her vision to 20/20 or 20/30. There is no evidence of vision decrease or objective medical evidence to support these claims. It was this doctor's opinion that the claimant has no severe impairments.

The State Agency physicians found that the claimant's alleged limitations were only partially supported by the evidence of record and not disabling under Social Security Regulations. They found her impairments to be non-severe. In compliance with Social Security Ruling 96-6p, I have considered these findings and conclusions by the State Agency. While these opinions are made by non-examining physicians, the State Agency physicians are highly qualified in the evaluation of medical issues in disability claims and their opinions must be considered.

I concur with the findings of the State Agency and Dr. Murphy. The claimant does not have a severe impairment. Accordingly, I conclude that the claimant retains the capacity for work that exists in significant numbers in the national economy and is not under a "disability" as defined in

See Next Page

Enedelia Gonzalez (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)                    Page 4 of 4    **22**

the Social Security Act, at any time through the date of this decision.  See 20 C.F.R. § 416.920(f) (2003).

## FINDINGS

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has no "severe" impairments based on the requirements in the Regulations 20 CFR § 416.920(b) (2003).

3. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(f)).

## DECISION

It is the decision of the Administrative Law Judge that, based on the application filed on August 30, 2002, the claimant is not eligible for Supplemental Security Income payments under Sections 1602 and 1614(a)(3)(A) of the Social Security Act.

*Christopher Lee Williams*
_____
CHRISTOPHER L. WILLIAMS
Administrative Law Judge

MAR 2 6 2004
_____
Date

Social Security Administration                                      Form Approved
**Please read the back of the last copy before you complete this form.**      OMB No. 0960-0527

| Name (Claimant) (Print or Type) **Enedelia Gonzalez** | Social Security Number **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** | **23** |
| Wage Earner (If Different) | Social Security Number | |

**Part I**                    **APPOINTMENT OF REPRESENTATIVE**

I appoint this person, **Assoc. Disability Advocates   P.O. Box 5683 Midland, TX 79704**
                                              (Name and Address)

to act as my representative in connection with my claim(s) or asserted right(s) under:

[X] Title II (RSDI)    [X] Title XVI (SSI)    [ ] Title IV FMSHA (Black Lung)    [ ] Title XVIII (Medicare Coverage)

This person may, entirely in my place, make any request or give any notice; give or draw out evidence or information; get information; and receive any notice in connection with my pending claim(s) or asserted right(s).

[X]  I am appointing, or I now have, more than one representative.  My main representative is _____ **John J. Ingram** _____.
                  (Name of Principal Representative)

| Signature (Claimant) X *Enedelia Gonzalez* | Address P.O. Box 1064  Santa Rosa, TX 78593 |
| Telephone Number (with Area Code) **(956)636-9913** | Date **03/03/04** |

**Part II**                    **ACCEPTANCE OF APPOINTMENT**

I, ___ **Assoc. Disability Advocates** ___, hereby accept the above appointment.  I certify that I have not been suspended or prohibited from practice before the Social Security Administration; that I am not disqualified from representing the claimant as a current or former officer or employee of the United States; and that I will not charge or collect any fee for the representation, even if a third party will pay the fee, unless it has been approved in accordance with the laws and rules referred to on the reverse side of the representative's copy of this form.  If I decide not to charge or collect a fee for the representation, I will notify the Social Security Administration.  (Completion of Part III satisfies this requirement.)

[X] I am an attorney.          [ ] I am not an attorney.      (Check one.)

| Signature (Representative) *Philip R Lenway* | Address P.O. Box 5683  Midland, TX 79704 |
| Telephone Number (with Area Code) **(432)685-0773** | Date **03/03/04** |

**Part III** (Optional)                    **WAIVER OF FEE**

I waive my right to charge and collect a fee under sections 206 and 1631(d)(2) of the Social Security Act.  I release my client (the claimant) from any obligations, contractual or otherwise, which may be owed to me for services I have provided in connection with my client's claim(s) or asserted right(s).

| Signature (Representative) *Philip R Lenway* | Date **03/03/04** |

**Part IV** (Optional)        **ATTORNEY'S WAIVER OF DIRECT PAYMENT**

I waive only my right to direct payment of a fee from the withheld past-due Social Security benefits of my client (the claimant).  I do not waive my right to request fee approval and to collect a fee directly from my client or a third party.

| Signature (Representative) | Date |

Form SSA-1696-U4 (4-95)              **(See Important Information on Reverse)**
Use Until Stock is Exhausted          Approved by SSA/OPLM, 7-96 0005          **FILE COPY**

Social Security Administration
**Please read the back of the last copy before you complete this form.**

Form Approved
OMB No. 0960-0527

| Name (Claimant) (Print or Type)<br>**ENEDELIA GONZALEZ** | Social Security Number<br>**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** |
|---|---|
| Wage Earner (If Different) | Social Security Number |

**21**

## Part I    APPOINTMENT OF REPRESENTATIVE

I appoint this person, **JOHN J. INGRAM (ADA)    P.O. BOX 5683  MIDLAND, TEXAS  79704**
                                              (Name and Address)

to act as my representative in connection with my claim(s) or asserted right(s) under:

[ ] Title II
(RSDI)

[X] Title XVI
(SSI)

[ ] Title IV FMSHA
(Black Lung)

[ ] Title XVIII
(Medicare Coverage)

This person may, entirely in my place, make any request or give any notice; give or draw out evidence or information; get information; and receive any notice in connection with my pending claim(s) or asserted right(s).

[X] I am appointing, or I now have, more than one representative.  My main representative
is _____ **JOHN J. INGRAM** _____
                                        (Name of Principal Representative)

| Signature (Claimant)<br>*Enedelia Gonzalez* | Address P.O. BOX 1064<br>SANTA ROSA, TEXAS 78593 |
|---|---|
| Telephone Number (with Area Code)<br>**(956)636-9913** | Date<br>7/30/02 |

## Part II    ACCEPTANCE OF APPOINTMENT

I,    **JOHN J. INGRAM (ADA)**    , hereby accept the above appointment.  I certify that I have not been suspended or prohibited from practice before the Social Security Administration; that I am not disqualified from representing the claimant as a current or former officer or employee of the United States; and that I will not charge or collect any fee for the representation, even if a third party will pay the fee, unless it has been approved in accordance with the laws and rules referred to on the reverse side of the representative's copy of this form.  If I decide not to charge or collect a fee for the representation, I will notify the Social Security Administration.  (Completion of Part III satisfies this requirement.)

[ ] I am an attorney.

[X] I am not an attorney.        (Check one.)

| Signature (Representative) | Address P.O. BOX 5683<br>MIDLAND, TEXAS 79704 |
|---|---|
| Telephone Number (with Area Code)<br>**(915)685-0773** | Date<br>AUG 1 9 2002 |

## Part III (Optional)    WAIVER OF FEE

I waive my right to charge and collect a fee under sections 206 and 1631(d)(2) of the Social Security Act.  I release my client (the claimant) from any obligations, contractual or otherwise, which may be owed to me for services I have provided in connection with my client's claim(s) or asserted right(s).

| Signature (Representative) | Date<br>AUG 1 9 2002 |
|---|---|

## Part IV (Optional)    ATTORNEY'S WAIVER OF DIRECT PAYMENT

I waive only my right to direct payment of a fee from the withheld past-due Social Security benefits of my client (the claimant).  I do not waive my right to request fee approval and to collect a fee directly from my client or a third party.

| Signature (Representative) | Date |
|---|---|

Form SSA-1696-U4 (4-95)
Use Until Stock is Exhausted

(See Important Information on Reverse)
Approved by SSA/OPLM, 7-96 0005

FILE COPY

KPA
**SOCIAL SECURITY ADMINISTRA~**          W27711

## DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | | | | | 2. DDS CODE | 3. FILING DATE | 4. SSN | | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|---|---|---|---|---|
| DDS [X] | ODO | DRS | DQB | INTPSC | S49 | 08/30/02 | 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 | | |

| 5. NAME AND ADDRESS OF CLAIMANT (Include ZIP Code) | 6. WE'S NAME (if CDB or DWB CLAIM) |
|---|---|
| ENEDELIA GONZALEZ<br>PO BOX 1064<br>SANTA ROSA TX 78596 | **25** |

7. TYPE CLAIM (Title II)

| DIB | FZ | DWB | CDB-R | CDB-D | RD-R | RD-D | RD | P-R | P-D | MQFE |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

8. TYPE CLAIM (Title XVI)

| DI [X] | DS | | DC ☐ | BI ☐ | BS ☐ | BC ☐ | RC |
|---|---|---|---|---|---|---|---|

| 9. DATE OF BIRTH | 10. PRIOR ACTION | 11. REMARKS |
|---|---|---|
| 07/24/51 | PD [X]  PT ☐ | (956)365-3654 RECON FILED 01/10/03 |

| 12. DISTRICT-BRANCH OFFICE ADDRESS (Include ZIP Code) | DO-BO CODE | RECEIPTED 02/10/03 |
|---|---|---|
| 320 E Jackson St<br>Harlingen TX 78550 | 875 | AOD 10/01/00 |

| 13. DO-BO REPRESENTATIVE (210) 412-9234 | 14. DATE | 11A. ☐ Presumptive Disability _____ | 11B. ☐ Impairment _____ |
|---|---|---|---|

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|
| A. ☐ Disability Began | | 01 | 7240 | | 2780 |
| B. ☐ Disability Ceased | LOW BACK PAIN | | | Obesity | |

| 17. DIARY TYPE | MO./YR. | REASON | | | | |
|---|---|---|---|---|---|---|

| 18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i) | 19. CLAIMANT NOT DISABLED |
|---|---|
| A. ☐ Met Disab. for Cash Bene. Purp.   B. ☐ Disab. for Cash Benefit Purp. Beg. | A. [X] Through Date of Current Determination  B. ☐ Through _____  C. ☐ Before Age 22 (CDB only) |

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. 05 | 21. VR ACTION | SC IN A. ☐ | SC OUT [X] | Prev Ref |
|---|---|---|---|---|---|---|

| 22. REG-BASIS CODE N41-920(c) | 23. MED LIST NO. | 24. MDB CODE | 25. REVISED DET [X] | 25A. Initial A. ☐ | Recon B. [X] | Recon DMU C. ☐ | ALJ Hearing D. ☐ | Appeals Council E. ☐ | U.S. District Court F. ☐ |
|---|---|---|---|---|---|---|---|---|---|

| 26. LIST NO. > | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|

27. RATIONALE  ☐ See Attached SSA-4268-U4/C4     ☐ Check if Vocational Rule Met. Cite Rule  >

| 28. | | | | |
|---|---|---|---|---|
| A. ☐ Period of Disability  B. ☐ Disability Period  C. ☐ Estab Beg. _____ AND  D. ☐ Continues  E. ☐ Term |

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDS | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| DDS/DL L1130 | Karen Parshall | 3/14/03 | _(signature)_ | 3/31/03 |

| 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type) | 32B. SPEC. CODE |
|---|---|
| A | 12 |

| 34. REMARKS | MULTIPLE IMPAIRMENTS CONSIDERED |
|---|---|
| THE ORIGINAL DETERMINATION OF 11/20/02 IS HEREBY AFFIRMED | 34A. COMBINED MULTIPLE NONSEVERE-SEVERE |
| | 34B. COMBINED MULTIPLE NONSEVERE-NONSEVERE |
| JOHN INGRAM P O BOX 5683 MIDLAND TX 79704 | |

| 35. BASIS CODE | 36. REV. DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

Form  SSA-831-U3  (3/89)

Electronic Input:  ☐ DECISION   ☐ CASE CONTROL

EXHIBIT NO. ___1A___  PAGE ___26___

FTA
SOCIAL SECURITY ADMINISTRATION                    U89145

## DISABILITY DETERMINATION AND TRANSMITTAL                    26

| 1. DESTINATION | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|
| DDS ☒  DDO ☐  DRS ☐  DQB ☐  INTPSC ☐ | S49 | 08/30/02 | 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 | |

**5. NAME AND ADDRESS OF CLAIMANT (include ZIP Code)**

ENEDELIA GONZALEZ
PO BOX 1064
SANTA ROSA TX 78596

**6. WE'S NAME (if CDB or DWB CLAIM)**

**7. TYPE CLAIM (Title II)**

| DIB | FZ | DWB | CDB-R | CDB-D | RD-R | RD-D | RD | P-R | P-D | MQFE |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**8. TYPE CLAIM (Title XVI)**

DI ☒   DS ☐   DC ☐   BI ☐   BS ☐   BC ☐      IN

| 9. DATE OF BIRTH | 10. PRIOR ACTION |
|---|---|
| 07/24/51 | PD ☐   PT ☐ |

| 12. DISTRICT-BRANCH OFFICE ADDRESS (include ZIP Code) | DO-BO CODE |
|---|---|
| 320 E Jackson St  Harlingen TX 78550 | 875 |

**11. REMARKS**

(956)636-9913
RECEIPTED 09/11/02
AOD 10/01/00

| 13. DO-BO REPRESENTATIVE (210) 412-9234 | 14. DATE |
|---|---|

**11A.** ☐ Presumptive Disability _____
**11B.** ☐ Impairment _____

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|
| A. ☐ Disability Began   B. ☐ Disability Ceased | Disorders of Back (discogenic and degenerative) | 01 | 7240 | None established | 6490 |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|

**18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i)** | **19. CLAIMANT NOT DISABLED**

A. ☐ Not Disab. for Cash Bens. Purp.    B. ☐ Disab. for Cash Benefit Purp. Beg.

A. ☒ Through Date of Current Determination   B. ☐ Through _____   C. ☐ Before Age 22 (CDB only)

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. | 21. VR ACTION | SC IN | SC OUT | Prev Ref |
|---|---|---|---|---|---|---|
| | | 05 | | A. ☐ | B. ☒ | |

| 22. REG-BASIS CODE | 23. MED LIST NO. | 24. MOB CODE | 25. REVISED | 25A. Initial | Recon | Recon DHU | ALJ Hearing | Appeals Council | U.S. District Court |
|---|---|---|---|---|---|---|---|---|---|
| N41-920(c) | | | DET ☐ | A. ☒  B. ☐ | C. ☐ | D. ☐ | E. ☐ | F. ☐ | |

| 26. LIST NO. > | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|

**27. RATIONALE** ☐ See Attached SSA-4268-U4/C4   ☐ Check if Vocational Rule Met. Cite Rule >

**28.**
A. ☐ Period of Disability   B. ☐ Disability Period   C. ☐ Estab Beg. _____   AND   D. ☐ Continues   E. ☐ Term _____

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDS | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| DDS/DL L444 | Felicia Taylor | 11-20-02 | | 11-20-02 |

| 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type) | 32B. SPEC. CODE |
|---|---|
| James Wright M.D. 094 | 26 |

**34. REMARKS**
See TRC-817 in file dated 11/15/02

JOHN INGRAM PO BOX 5683 MIDLAND TX 79704

**MULTIPLE IMPAIRMENTS CONSIDERED**

| | |
|---|---|
| 34A. COMBINED MULTIPLE NONSEVERE-SEVERE | |
| 34B. COMBINED MULTIPLE NONSEVERE-NONSEVERE | |

| 35. BASIS CODE | 36. REV.DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

Form  SSA-831-U3  (3/69)

Electronic Input: ☐ DECISION   ☐ CASE CONTROL

2

MA2
**SOCIAL SECURITY ADMINISTRATION**                    Q67095

## DISABILITY DETERMINATION AND TRANSMITTAL    576

| 1. DESTINATION | | | | | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|---|---|---|---|
| DDS | ODO | DRS | DQB | INTPSC | S49 | 10/16/00 | 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 | |
| [X] | [ ] | [ ] | [ ] | [ ] | | | | 2" |

**5. NAME AND ADDRESS OF CLAIMANT (include ZIP Code)**

ENEDELIA GONZALEZ
PO BOX 1064
SANTA ROSA TX 78583

**6. WE'S NAME (if CDB or DWB CLAIM)**

**7. TYPE CLAIM (Title II)**

| DIB | FZ | DWB | CDB-R | CDB-D | RD-R | RD-D | RD | P-R | P-D | MQFE |
|---|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**8. TYPE CLAIM (Title XVI)**

| DI | DS[X] | DC | BI | BS | BC | RC |
|---|---|---|---|---|---|---|
| [ ] | | [ ] | [ ] | [ ] | [ ] | |

| 9. DATE OF BIRTH | 10. PRIOR ACTION | 11. REMARKS |
|---|---|---|
| 07/24/51 | PD [X]  PT [ ] | RECON FILED 04/23/01 |

| 12. DISTRICT-BRANCH OFFICE ADDRESS (include ZIP Code) | DO-BO CODE | RECEIPTED 05/24/01 |
|---|---|---|
| 320 E Jackson St Harlingen TX 78550 | 875 | *Systems Limitation* |

| 13. DO-BO REPRESENTATIVE (210) 412-9234 | 14. DATE | 11A. Presumptive Disability _____ | 11B. Impairment _____ |
|---|---|---|---|

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|
| A. [ ] Disability Began | | 20 | 6490 | | 6590 |
| B. [ ] Disability Ceased | None established (medical evidence in file but insufficient to establish diagnosis) | | | None established (medical evidence in file but insufficient to establish diagnosis) | |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|

**18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i)**  **19. CLAIMANT NOT DISABLED**

| A. [ ] Not Disab. for Cash Bene. Purp. | B. [ ] Disab. for Cash Benefit Purp. Beg. | A. [X] Through Date of Current Determination | B. [ ] Through _____ | C. [ ] Before Age 22 (CDB only) |
|---|---|---|---|---|

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. | 21. VR ACTION | SC IN | SC OUT | Prev Ref |
|---|---|---|---|---|---|---|
| | | 04 | | A. [ ] | [X] | |

| 22. REG-BASIS CODE | 23. MED LIST NO. | 24. MOB CODE | 25. REVISED | 25A. Initial Recon | Recon DHU | ALJ Hearing | Appeals Council | U.S. District Court |
|---|---|---|---|---|---|---|---|---|
| N41-920(c) | | | DET [X] | A. [ ] B. [X] | C. [ ] | D. [ ] | E. [ ] | F. [ ] |

| 26. LIST NO. > | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|

| 27. RATIONALE | [ ] See Attached SSA-4268-U4/C4 | [ ] Check if Vocational Rule Met. Cite Rule > |
|---|---|---|

| 28. | A. [ ] Period of Disability | B. [ ] Disability Period | C. [ ] Estab Beg. | AND | D. [ ] Continues | E. [ ] Term |
|---|---|---|---|---|---|---|

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDD | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| DDS/DL L1130 | *Michael Arredondo* Michael Arredondo | 5-30-01 | *MD___* | 5/31/01 |

| 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type) | 32B. SPEC. CODE |
|---|---|
| ___ M.D. #___ | 17  47 |

**34. REMARKS**

the initial determination dated 031901 is hereby affirmed.

JOHN INGRAM REP PO BOX 5683 MIDLAND TX 79704    *DDSQA*

| | MULTIPLE IMPAIRMENTS CONSIDERED |
|---|---|
| | 34A. COMBINED MULTIPLE NONSEVERE-SEVERE |
| | 34B. COMBINED MULTIPLE NONSEVERE-NONSEVERE |

| 35. BASIS CODE | 36. REV.DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

Form SSA-831-U5 (3/89)                    Electronic Input: [ ] DECISION    [ ] CASE CONTROL

3

SG4
**SOCIAL SECURITY ADMINISTRATION**                    O87233

## DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | | | | | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|---|---|---|---|
| DDS | ODO | DRS | DQB | INTPSC | S49 | 10/16/00 | 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 | 28 |
| [X] | [ ] | [ ] | [ ] | [ ] | | | | |

**5. NAME AND ADDRESS OF CLAIMANT (include ZIP Code)**

ENEDELIA GONZALEZ
PO BOX 1064
SANTA ROSA TX 78583

**6. WE'S NAME (if CDB or DWB CLAIM)**

**7. TYPE CLAIM (Title II)**

| DIB | FZ | DWB | CDB-R | CDB-D | RD-R | RD-D | RD | P-R | P-D | MQFE |
|---|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**8. TYPE CLAIM (Title XVI)**

| DI | DS | DC | BI | BS | BC | IN |
|---|---|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] | [ ] | |

| 9. DATE OF BIRTH | 10. PRIOR ACTION | 11. REMARKS |
|---|---|---|
| 07/24/51 | PD [ ]   PT [ ] | (956)421-3266 |

| 12. DISTRICT-BRANCH OFFICE ADDRESS (include ZIP Code) | DO-BO CODE |
|---|---|
| 320 E Jackson St   Harlingen TX 78550 | 875 |

RECEIPTED 10/19/00
AOD 10/01/00

SYSTEMS LIMITATION

| 13. DO-BO REPRESENTATIVE  (210) 412-9234 | 14. DATE | 11A. [ ] Presumptive Disability _____ | 11B. [ ] Impairment _____ |
|---|---|---|---|

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. 01 | CODE NO. 7150 | 16B. SECONDARY DIAGNOSIS | CODE NO. 6490 |
|---|---|---|---|---|---|
| A. [ ] Disability Began | Polyarthralgia | | | None established | |
| B. [ ] Disability Ceased | | | | | |

| 17. DIARY TYPE | NO./YR. | REASON |
|---|---|---|

| 18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i) | 19. CLAIMANT NOT DISABLED |
|---|---|
| A. [ ] Not Disab. for Cash Bene. Purp.   B. [ ] Disab. for Cash Benefit Purp. Reg. | A. [X] Through Date of Current Determination   B. [ ] Through _____   C. [ ] Before Age 22 (CDB only) |

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. 04 | 21. VR ACTION | SC IN | SC OUT [X] | Prev Ref |
|---|---|---|---|---|---|---|
| | | | A. [ ] | B. [ ] | C. [ ] | |

| 22. REG-BASIS CODE N30-920(c) | 23.MED LIST NO. | 24.MOB CODE | 25.REVISED DET [ ] | 25A.Initial A.[X] | Recon B.[ ] | Recon DHU C.[ ] | ALJ Hearing D.[ ] | Appeals Council E.[ ] | U.S. District Court F.[ ] |
|---|---|---|---|---|---|---|---|---|---|

| 26. LIST NO. > | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|

| 27. RATIONALE | [ ] See Attached SSA-4268-U4/C4 | [ ] Check if Vocational Rule Met. Cite Rule  > |
|---|---|---|

| 28. | A.[ ] Period of Disability | B.[ ] Disability Period | C.[ ] Estab Beg. | AND | D.[ ] Continues | E.[ ] Term |
|---|---|---|---|---|---|---|

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDS | 31. DATE | 32.PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| DDS/DL L444 | Shelly Grammer  *Shelly Grammer* | 3/16/01 | *(signature)* | 3/19/01 |
| | 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type) | | | 32B. SPEC. CODE  12  47 |

| 34. REMARKS | MULTIPLE IMPAIRMENTS CONSIDERED |
|---|---|
| | 34A. COMBINED MULTIPLE NONSEVERE-SEVERE |
| John Ingram   REP PO Box 5683 Midland TX 79704 | 34B. COMBINED MULTIPLE NONSEVERE-NONSEVERE |

| 35. BASIS CODE | 36.REV.DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

Form  SSA-831-U3  (3/89)                    Electronic Input: [ ] DECISION    [ ] CASE CONTROL

4



**SOCIAL SECURITY ADMINISTRATION**

Refer To:
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
Enedelia Gonzalez

Office of Hearings and Appeals
Park Central VIII, Suite 800
12770 Merit Drive
Dallas, TX 75251-1220
Tel: 972-341-5123/4 / Fax: 972-341-5153

29

June 24, 2003

John Ingram
P.O. Box 5683
Midland, TX 79704



Dear John Ingram:

We have received your client's request for a hearing before an Administrative Law Judge (ALJ).
This letter tells you about the hearing process and things that you should do now to prepare for
the hearing.  We will mail a Notice of Hearing to you and your client at least 20 days before the
date of the hearing to tell you its time and place.

**The Hearing**

At the hearing, you and your client may present her case to the ALJ who will hear and decide
it.  The ALJ will consider the issue(s) you or your client has raised and the evidence now in
her file and any additional evidence you provide.  The ALJ may consider other issues as well
and, if necessary, change parts of the previous decision that were favorable to your client.
The Notice of Hearing will state the issues the ALJ plans to consider at the hearing.



Because the hearing is the time to show the ALJ that the issues should be decided in your
client's favor, we need to make sure that her file has everything you want the ALJ to consider.
You and your client are responsible for submitting needed evidence.  After the ALJ reviews
the evidence in the file, he or she may request more evidence to consider at the hearing.

**Providing Additional Evidence**

If there is more evidence you want the ALJ to see, get it to us as soon as possible.  If you need
help, you should contact us immediately.  You may ask the ALJ to issue a subpoena that
requires a person to submit documents or testify at your hearing.

**You May See The Evidence In Your File**

If you wish to see the evidence in your client's file, you may do so on the date of the hearing
or before that date. If you wish to review the file before the date of the hearing, please call us.

EXHIBIT NO. 1B PAGE 1 of 32



Enedelia Gonzalez (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)                              Page 2 of 2

**If You Have Any Questions**                                          30

    If you have any questions, please call or write us.  Our telephone number and address are shown on the first page of this letter.

                                     Sincerely yours,


                                     JOAN PARKS SAUNDERS
                                     Hearing Office
                                     Chief Administrative Law Judge

Enclosures



Form SSA-L1697-U3



cc: Enedelia Gonzalez
     P.O. Box 1064
     Santa Rosa, TX 78593

2

31

# Social Security

## Your Right To Representation

You can choose to have a representative help you when you do business with us. We will work with your representative, just as we would with you.

Your representative cannot charge or collect a fee from you without first getting written approval from us, even if your claim is denied. However, your representative may accept money in advance as long as he or she holds it in a trust or escrow account.

Both you and your representative are responsible for providing us with accurate information. It is wrong to knowingly and willingly furnish false information. If you do, you may be prosecuted criminally.

### What Can A Representative Do?

Once appointed, your representative can act for you in most Social Security matters. For example, he or she can:

- get information from your Social Security file;
- help you get medical records or information to support your claim;
- come with you, or for you, to any interview, conference or hearing you have with us;
- request a reconsideration, hearing or Appeals Council review; and
- help you and your witnesses prepare for a hearing and question any witnesses.

Your representative also will receive a copy of the decision(s) we make on your claim(s).

### How Do I Choose A Representative?

You can choose an attorney or other qualified person to represent you. You also can have more than one representative.

Some organizations can help you find an attorney or give you free legal services if you qualify. Some attorneys don't charge unless you receive benefits. Your Social Security office has a list of organizations that can help you find a representative.

You can appoint one or more persons in a firm, corporation or other organization as your representative(s), but you may not appoint the firm, corporation or organization itself. You also may not appoint a person who has been suspended or disqualified from representing others before the Social Security Administration or who may not, by law, act as a representative.

Once you choose a representative, you must tell us in writing as soon as possible. To do this, you can get a Form SSA-1696-U4, *Appointment of Representative*, from any Social Security office.

You must give the name of the person you are appointing and sign your name. If the person is not an attorney, he or she must, in writing, give his or her name; state that he or she accepts the appointment; and sign the form.

### What May My Representative Charge?

To charge you a fee for his or her services, your representative first must file either a fee agreement or a fee petition with us. Your representative cannot charge you more than the fee amount we approve. If either you or your representative disagree with the fee we approve, you or your representative can ask us to look at it again.

A representative who charges or collects a fee without our approval, or charges or collects too much, may be suspended or disqualified from representing anyone before the Social Security Administration. He or she also may face criminal prosecution.

#### Filing A Fee Agreement

If you and your representative have a written fee agreement, your representative may ask us to approve it any time before we decide your claim. Usually, we'll approve the

*Your Right To Representation*

3

32

agreement and tell you in writing how much your representative may charge as long as:

- you both signed the agreement;
- the fee you agreed on is no more than 25 percent of past-due benefits, or $4,000, whichever is less; and
- your claim was approved and resulted in past-due benefits.

If we don't approve the fee agreement, we will tell you and your representative in writing that your representative must file a fee petition.

### Filing A Fee Petition

Your representative may give us a fee petition when he or she has finished working on your claim(s). This written request, accounting for the fee, describes in detail the amount of time spent on each service provided. Your representative must give you a copy of the fee petition and each attachment. If you disagree with the information shown, contact us within 20 days. We will consider the reasonable value of the services provided and tell you in writing the amount of the fee we approve.

### How Much You Pay

The amount of the fee we decide your representative may charge is the most you owe him or her, except for out-of-pocket expenses. It might be different from the amount you agreed to pay.

If an attorney represents you, we usually withhold 25 percent of your past-due benefits to pay toward the fee for you. Later, we pay the attorney's fee from this money and send you any money left over.

You must pay your representative directly:

- the rest you owe
  - if the amount of the fee is more than the amount of money we withheld and paid your attorney for you;
- all of the fee you owe
  - if we did not withhold past-due benefits; for example, when your representative is not an attorney or the benefits are Supplemental Security Income (SSI); or
  - if we withheld, but later paid you the money because your attorney did not either ask for approval until after 60 days of the date of your notice of

award or tell us on time that he or she planned to ask for a fee.

Also, you must pay directly for out-of-pocket expenses your representative incurs or expects to incur, such as the cost of getting your doctor's or hospital records. We don't need to approve such expenses.

### What If Someone Else Pays My Representative

Even when someone else will pay the fee for you (for example, an insurance company), we must approve the fee unless:

- it's a nonprofit organization or federal, state, county or city agency that will pay the fee and any expenses from government funds; or
- your representative gives us a written statement that you will not have to pay any fee or expenses.

### What If I Go Before A Federal Court?

The court can allow a reasonable fee for your attorney. The fee usually will not exceed 25 percent of all past-due benefits which result from the court's decision. Your attorney cannot charge any additional fee for services before the court.

### Any Questions?

If you have any questions about your right to representation, call our toll-free number, 1-800-772-1213.

People who are deaf or hard of hearing may call our toll-free "TTY" number, 1-800-325-0778, between 7 a.m. and 7 p.m. on business days.

We also can be reached on the Internet at www.ssa.gov.

We treat all calls confidentially—whether they're made to our toll-free number or to one of our local offices. We also want to ensure that you receive accurate and courteous service. That is why we have a second Social Security representative listen to some incoming and outgoing telephone calls.



Social Security Administration
SSA Publication No. 05-10075
March 1999 (March 1988 edition may be used)
ICN 460080
Unit of Issue - HD (one hundred)

Printed on recycled paper

☆U.S. GPO: 1999—454-888/88085

33

# PLEASE READ

**UNTIMELY FILING:**

YOUR CASE HAS BEEN FORWARDED TO THIS OFFICE BASED UPON YOUR REQUEST FOR HEARING. IF YOUR REQUEST FOR HEARING WAS NOT TIMELY FILED, AN ADMINISTRATIVE LAW JUDGE WILL REVIEW THE CLAIM TO DETERMINE WHETHER GOOD CAUSE EXISTS FOR THE UNTIMELY FILING. IF GOOD CAUSE IS FOUND, YOUR CLAIM WILL BE PROCESSED EXPEDITIOUSLY. IF NO GOOD CAUSE IS FOUND, YOUR CLAIM MAY BE DISMISSED WITHOUT A HEARING.

**SUBMISSION OF EVIDENCE:**

WHETHER YOU RETAIN AN ATTORNEY/REPRESENTATIVE OR CHOOSE TO PROCEED UNREPRESENTED, ALL MEDICAL RECORDS SHOULD BE SUBMITTED AS SOON AS POSSIBLE TO PERMIT THOROUGH REVIEW. ALL EVIDENCE SHOULD BE SUBMITTED NO LATER THAN TEN (10) DAYS PRIOR TO YOUR SCHEDULED HEARING IN ORDER TO PROVIDE ADEQUATE TIME FOR REVIEW.

**COPYING AND/OR REVIEWING OF FILES:**

IN ORDER TO MINIMIZE YOUR INCONVENIENCE AND ENSURE THAT BOTH THE FILE AND COPIER WILL BE AVAILABLE, PLEASE CALL THE RECEPTION DESK AT (972) 341-5123 AND SCHEDULE AN APPOINTMENT AT LEAST THREE (3) BUSINESS DAYS IN ADVANCE OF THE DAY YOU WISH TO REVIEW THE FILE. PLEASE DO NOT WAIT UNTIL THREE DAYS PRIOR TO YOUR HEARING. APPOINTMENTS WILL BE SUBJECT TO AVAILABILITY IN TWO -HOUR INCREMENTS.

34

## ATTACHMENT A

### IMPORTANT INFORMATION ABOUT PAYMENT OF TRAVEL EXPENSES

**You are eligible for payment of travel expenses if you must travel at least 75 miles one way from your home or your office to attend the hearing.** In addition, your representative and any witness we determine to be reasonably necessary, are eligible for payment of travel expenses if they must travel at least 75 miles one way from their home or office to attend the hearing, not to exceed the maximum amount allowable for such travel originating within the geographical area having jurisdiction over such proceeding.

When you request payment for travel expenses, you must submit to the Administrative Law Judge an itemized list of what you spent and supporting receipts. Your request for payment should be made at the time you attend the hearing. Payment of unusual travel costs (such as those associated with ambulance, attendant services, meals, lodging, or taxicabs) may be made, but must be authorized in advance by the Administrative Law Judge unless the costs are unexpected or unavoidable. If you believe you require unusual travel arrangements, you should contact the hearing office as soon as possible.

Advance payment of the travel costs will be made if you request advance payment and show that advance payment is "reasonable" and "necessary." "Reasonable" means that the amount requested does not exceed that which will be paid for the travel under the regulations. "Necessary" means that without receipt of the advance payment, prior to or on the date of the hearing, you would not have the funds to travel to or from the hearing site or would not have the access to the needed transportation to travel to or from the hearing site. If you wish to request advance payment, you should call the hearing office as soon as possible.

If you receive an advance payment for travel costs, you must provide the Administrative Law Judge with an itemized list of your actual travel cost and submit supporting receipts within 20 days after your hearing. If the advance payment exceeds the amount you are due for travel costs, you will be required to pay back the difference within 20 days after you are notified of the amount of difference.

35

## IMPORTANT NOTICE

IF YOU DESIRE THE SERVICES OF AN ATTORNEY/REPRESENTATIVE, BUT DO NOT KNOW HOW TO LOCATE ONE TO REPRESENT YOU, LEGAL REPRESENTATION CAN BE OBTAINED BY CONTACTING THE ORGANIZATIONS LISTED BELOW.

YOU WILL BE REFERRED TO A PRIVATE PRACTICING ATTORNEY/ REPRESENTATIVE WHO IS FAMILIAR WITH REPRESENTING CLAIMANTS BEFORE THE SOCIAL SECURITY ADMINISTRATION. SOME PRIVATE ATTORNEYS MAY BE WILLING TO TAKE YOUR CASE UNDER A FEE ARRANGEMENT WHEREBY NO FEE WILL BE CHARGED UNLESS YOUR CLAIM IS ALLOWED. THE ATTORNEY MUST FIRST OBTAIN APPROVAL FROM THE SOCIAL SECURITY ADMINISTRATION FOR ANY FEE CHARGED.

### NAME AND ADDRESS OF ORGANIZATION

LAW REFERRAL SERVICE OF THE STATE
BAR OF TEXAS
P. O. BOX 12487
AUSTIN, TEXAS   78711
PHONE: TOLLFREE 1-800-252-9690

SERVICING STATE RESIDENTS
WITH INFORMATION AND
REFERRALS TO REPRESENTATIVES

NATIONAL ORGANIZATION OF
SOCIAL SECURITY CLAIMANT'S
REPRESENTATIVES
6 PROSPECT STREET
MIDLAND PARK , NEW JERSEY   07432
PHONE: TOLLFREE 1-800-431-2804

AN ASSOCIATION OF ATTORNEYS
AND OTHER REPRESENTATIVES.

STATE BAR OF TEXAS
PHONE;  TOLLFREE 1-888-281-6511

FOR INFORMATION ABOUT LEGAL AID
REGARDING THE SSI FOR KIDS PROJECT.
AVAILABLE TO SSI CHILD CLAMANTS
ONLY.

IF YOU DO NOT HAVE THE FINANCIAL RESOURCES TO RETAIN A PRIVATE ATTORNEY AND BELIEVE YOU MIGHT QUALIFY FOR FREE REPRESENTATION, YOU MAY WISH TO CONTACT ONE OF THE FOLLOWING ORGANIZATIONS:

### NAME AND ADDRESS OF ORGANIZATIONS

### SERVICES AND COUNTIES SERVED

UNITED WAY INFORMATION AND REFERRAL
SERVICES
402 W. SANFORD, STE. 1500
ARLINGTON, TEXAS   76010
PHONE:  817-274-2534

SERVING LOCAL RESIDENTS WITH
INFORMATION AND REFERRALS TO
REPRESENTATIVES

DALLAS LEGAL HOSPICE
3626 N. HALL,  STE. 629
DALLAS, TEXAS  75219
PHONE:  214-521-6622 OR
1-800-643-4988

SERVICES RESIDENTS OF DALLAS,
COLLIN, DENTON, HENDERSON,
HUNT, ROCKWALL, KAUFMAN AND
ELLIS COUNTIES WHO CANNOT
AFFORD AN ATTORNEY, ARE HIV
POSITVE OR HAVE AIDS OR HAVE
A TERMINAL OR LIFE-THREATENING
DISEASE.

LEGAL AID OF NORTHWEST TEXAS
625 DALLAS DR. STE. 350
DENTON, TEXAS  76205
PHONE:  940-383-1406  FAX: 940-382-7797

PROVIDES ATTORNEY AND NON-
ATTORNEY REPRESENTATION FOR
CLAIMANTS RESIDING IN DALLAS
ELLIS, COLLIN, GRAYSON,
ROCKWALL, AND KAUFMAN
COUNTIES.

CENTRO DE INFORMACION
2121 MAIN STREET, STE. 500
DALLAS, TEXAS  75201
PHONE: 214-747-3711

PROVIDES REFERRAL SERVICE TO
SPANISH SPEAKING CLAIMANTS IN
DALLAS COUNTY

EAST TEXAS LEGAL SERVICES
140 E. TYLER STREET, STE. 150
LONGVIEW, TEXAS  75601-7240
PHONE:  903-758-9123

SERVICES CAMP, GREGG, TITUS,
HARRISON, MARION, MORRIS,
PANOLA, RUSK AND UPSHUR
COUNTIES.

EAST TEXAS LEGAL SERVICES
408 E. PILLAR STREET
NACOGDOCHES, TEXAS  75961
PHONE; 936-560-1455
LUFKIN: 936-634-3181

SERVICES ANGELINA,
NACOGDOCHES, SABINE. SAN
AUGUSTINE, SHELBY,  AND  TRINITY
(EASTERN HALF) COUNTIES.

EAST TEXAS LEGAL SERVICES
320 N. GLENWOOD, STE. 100
TYLER, TEXAS  75702
PHONE: 903-595-4781

SERVICES ANDERSON, CHEROKEE,
HENDERSON, SMITH, VAN ZANDT
AND WOOD COUNTIES

EAST TEXAS LEGAL SERVICES
BANK BUILDING, FIFTH FLOOR
115 FIRST STREET, S.W.
PARIS, TEXAS  75460
PHONE: 903-785-8711

SERVICES DELTA, FANNIN
FRANKLIN, HOPKINS, HUNT, LAMAR
AND RED RIVER COUNTIES.

EAST TEXAS LEGAL SERVICES
1425 COLLEGE DRIVE, STE. 100
TEXARKANA, TEXAS  75503
PHONE: 903-793-7661

SERVICES BOWIE COUNTY, TEXAS;
HEMPSTEAD, LAFAYETTE, LITTLE
RIVER AND MILLERIN COUNTIES
ARKANSAS.

EAST TEXAS LEGAL SERVICES
(HUNTSVILLE OFFICE)
1502 AVENUE O
HUNTSVILLE, TEXAS 77342
PHONE: 800-695-5136

SERVICES POLK AND HOUSTON
COUNTIES INCLUDING ANGELINA,
HOUSTON, NACOGDOCHES, POLK,
SABINE, SAN AUGUSTINE, AND
TRINITY

THE FOLLOWING ORGANIZATION MAY BE ABLE TO PROVIDE YOU WITH NON-ATTORNEY
REPRESENTATION:

DISABLED AMERICAN VETERANS
VETERANS ADMINISTRATION HOSPITAL
4500 SOUTH LANCASTER
DALLAS, TEXAS  75216
PHONE:  214-376-5451

PROVIDES NON-ATTORNEY REPRE-
SENTATION TO CLAIMANT-
VETERANS WITH SERVICE
CONNECTED DISABILITY CLAIMS
RESIDING WITHIN THEIR JURIS-
DICTION.  HEARING MUST BE HELD
IN DALLAS.  GENERAL GEOGRAPHIC
AREA SERVED INCLUDES NORTH
CENTRAL AND NORTHEAST TEXAS.

ADDITIONAL LEGAL SERVICES FOR THE VALLEY AREA ARE LISTED BELOW

IF YOU DO NOT HAVE THE FINANCIAL RESOURCES TO RETAIN A PRIVATE ATTORNEY, YOU
MAY QUALIFY FOR  FREE LEGAL REPRESENTATION.  YOU MAY WISH TO CONTACT ONE OF
THE FOLLOWING ORGANIZATIONS CLOSEST TO YOU:

(1) TEXAS RURAL LEGAL AID
     300 S. TEXAS BLVD.
     WESLACO, TX  78596
     PHONE:  (956) 968-6574

(2) TEXAS RURAL LEGAL AID
     308  E. HARRISON
     HARLINGEN, TX 78550
     PHONE: 956-423-3111

(2) TEXAS RURAL LEGAL AID
     316 S. CLOSNER
     EDINBURG, TX  78538
     PHONE:  (956) 383-5673