Exhibit A

**MEDICAL EXPERT (ME) USAGE REPORT**
**FISCAL YEAR 2003**
REPORTING PERIOD: 10/01/2002 - 03/31/2003            OFFICE: HOUSTON

√ = ON HO ROSTER
( ) = BORROWED

| NAME | SPECIALTY | 1046 ANGLADA | 1085 BIESMAN | 1932 CHAMBERLAI | 1664 CUMMINGS | 1939 ESTRADA | 0001 HPI Group | 0002 HPI Group | 0003 HPI Group | 2358 JONES | 1249 KLINE | 1506 LEINBERGER | TOTAL USED | TOTAL AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Laing, V. O. (4827) (5255) | A/IG/IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (12) | (1920) |
| Beard, E. F. (4893) | CD/IM/PUD | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Borda, R. P. (5071) (5255) | CLIN | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 5 | (20) | (3200) |
| Harper, R. G. (4887) √ | CLIN | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 5 | 0 | 0 |
| McClure, G. E. (5092) √ | CLIN | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Mullins, D. (4763) | CLIN | 0 | 0 | 0 | 0 | 15 | 0 | 0 | 0 | 0 | 0 | 0 | 60 | 964 0 |
| Thompson, S. E. (5146) √ | FP | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Gibson, D. √ (5136) | IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Gullak, H. (5108D) | IM | 0 | 0 | 0 | 0 | 6 | 0 | 0 | 0 | 0 | 0 | 0 | 6 | 960 |
| Haas, H. D. (4931) | IM | 0 | 0 | 0 | 0 | 4 | 0 | 0 | 0 | 16 | 0 | 7 | 33 | 5120 |
| Ng, G. N. (5140) (5255) | IM | 0 | 0 | 0 | 0 | 29 | 0 | 0 | 0 | 19 | 0 | 0 | (82) | (12740) |
| Jones, L. C. (5040) √ | IM | 0 | 0 | 0 | 0 | 5 | 0 | 0 | 0 | 5 | 12 | 23 | 181 | 28320 |
| Murphy, C. M. (4946) (5181) | IM | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 21 | 10 | 12 | (122) | (19360) |
| Oguejiofor, A. J. (5157) √ | IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 5 | 800 |
| Sahi, F. (5148) √ | IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 3 | 6 | 960 |
| Vorhies, J. R. Jr (5003) √ | IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | (1) | (160) |

MONTGOMERY  IM/CD   2  27o  20
MILLENBERG  CD/IM   1  130  15

MEDICAL EXPERT (ME) USAGE REPORT
FISCAL YEAR 2002
REPORTING PERIOD: 10/01/2001 - 03/29/2002      OFFICE: HOUSTON

| NAME | SPECIALTY | 1046 ANGLADA | 1085 BIESMAN | 1932 CHAMBERLAI | 1664 CUMMINGS | 1939 ESTRADA | 0001 HPI Group | 0002 HPI Group | 0003 HPI Group | 2358 JONES | 1249 KLINE | 1506 LEINBERGER | TOTAL USED | TOTAL AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Anderson, G. M. (8221) (AX) | CD/IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 7 (6) A | (960) |
| Miller, G. G. (5079) ✓ | CD/IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2 (2) 5 | 260 0 |
| Beard, E. F. (4893) ✓ | CD/IM/PUD | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 103 103 F₁ | 16,400 0 |
| ___, R. P. (2071) ✓ | CLIN | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | -0- | 0 |
| Harper, R. G. (4887) ✓ | CLIN | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | -0- | 0 |
| McClure, G. E. (5092) (DALN) | CLIN | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | -0- | 0 |
| Mullins, D. (4763) ✓ | CLIN | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 52 16 F₁ | 6720 2550 |
| Guilak, H. (5108) new | IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 4 | 4 | 42 18 F₁ | 3760 2880 |
| Hoang, G. N. (5114) ✓ | IM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 4 | 31 | 24 18 F₁ | 3760 2880 |
| Jones, L. C. (5040) ✓ | IM | 0 | 0 | 12 | 0 | 0 | 0 | 0 | 0 | 0 | 15 | 14 | 259 234 S | 4004 37280 |
| ___, C. M. (6946) (DLN) | IM | 0 | 0 | 13 | 0 | 8 | 0 | 0 | 0 | 3 | 37 | 38 | (133) 300 300 F | (20880) 47610 |
| Goldstein, S. S. (4753) ✓ | IM/N | 0 | 0 | 27 | 0 | 52 | 0 | 0 | 0 | 0 | 0 | 0 | 11 10 SH | 13 1600 |
| Casar, G. I. (5095) ✓ | IM/PUD/CCM | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 8 | 1280 |
| DeVere, R. (5101) ✓ | N | 0 | 0 | 5 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 27 | 4080 |
| Gaitz, J. P. (4746) ✓ | N | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 10 | 1600 |
| Meyer, J. S. (9214) ✓ | N | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 160 |

Page 1.1

# I-2-5-36. Selecting a Medical Expert

Last Update: 4/29/94 (Transmittal I-2-28)

## A. General

All ALJ contacts with an ME about a case must be in writing or at an open hearing, and all correspondence with the ME must be made part of the record.

When an ALJ determines that ME testimony is needed, the ALJ will inform the claimant and the representative by placing a statement to that effect in the "REMARKS" section of the Notice of Hearing. (See I-2-3-15, Notice of Hearing.)

The ALJ or designee will, before the hearing, furnish the ME with copies of the pertinent medical reports and written lay evidence. If additional medical evidence is received at the hearing, the ALJ will provide it to the ME for review before the ME testifies.

The ALJ or designee must select the ME whose expertise is most appropriate to the claimant's diagnosed impairment(s).

An ALJ may never permit an ME to perform an examination of a claimant.

## B. HO Staff Recommends Use of ME

Before scheduling a hearing, the ALJ or designee must thoroughly review the case to determine what, if any, additional evidence is needed to decide the case. If a designee performs the review and believes that ME opinion is necessary, the designee will make that recommendation to the ALJ and will also recommend the medical specialty of the ME.

## C. ALJ Determines that ME Opinion is Needed

If the ALJ determines (or agrees) that ME opinion is needed, the ALJ will decide:

1. the medical specialty of the ME; and

2. the manner in which to receive the ME opinion (i.e., whether to receive the opinion in testimony at the hearing or in response to written interrogatories). (See I-2-5-30, Medical or Vocational Expert Opinion — General.)

## D. Selection of ME from RO Roster

Each RO maintains a roster of MEs who have agreed to provide impartial expert opinion pursuant to a BPA with the Office of Hearings and Appeals (OHA). (See I-2-5-31, Blanket Purchase Agreements.) The ALJ or designee must select an ME from the roster in rotation to the extent possible; i.e., when an ALJ selects an ME with a particular medical specialty from the roster to provide expert opinion in a case, that ME will go to the bottom of the roster and will not be called again by that ALJ or any other ALJ in the HO until all other MEs on the roster with that medical specialty are called.

If an ALJ decides to use an ME from the roster, the HO staff will assign a purchase order number and complete a Form HA-590 (Contractor's Invoice).

# E. Selection of ME Not on RO Roster

An ALJ may use an ME who does not have a BPA with OHA, if the ALJ requires a particular medical specialty not represented on the RO roster, or there are other extenuating circumstances which require the one-time purchase of such ME's services.

The same terms and conditions which apply to an ME providing services pursuant to a BPA also apply to an ME providing services without a BPA. Authorize payment to an ME without a BPA by completing Optional Form 347, Order of Supplies or Services.

---

Added to this file 11/26/2002                                    Last Updated: 05/21/2002

**Link to this document:** http://policynet.ba.ssa.gov/hallex.nsf/links/10205036
    Previous section        Next section        Search

**Volume 1/Division 2/Chapter 5/Section 36**

## SECTION B – PRICES/COSTS

I. **FEE SCHEDULE – PRICING FOR MEDICAL EXPERT**

The nature of the services to be rendered by the Medical Expert (ME) the compensation to be paid for these services are as follows:

A.   A requested:

    (1) for a study and evaluation of the medical evidence in a regular or remanded case, with or without medical assessment of the claimant's ability to do work-related activities - $80 per case;

    (2) for an appearance at a scheduled hearing - $80 per appearance on any day or fraction of a day in any one case; ("appearance" includes participation by telephone or video conference)

    (3) to answer in writing, interrogatories on medical issues in a case - $50 per case;

    (4) to provide a medical assessment of the claimant's ability to do work-related activities; in a case for which a study fee has previously been paid to the ME - $40 per case;

    (5) for study and written evaluation of additional evidence in a case for which a fee was previously charged - $40 per case.

B.   As requested:

    (1) for a study and evaluation of the medical evidence in a regular case record (for computation of study and evaluation reimbursement, a case record is defined as the file of each individual beneficiary):

        1 - 10 case records - $80
        11 - 25 case records - $60
        26 - 50 case records - $40
        over 50 case records - $20

    (2) for an appearance as a ME at a scheduled hearing - $80 per hour - computation starts at the scheduled hearing time, unless the hearing begins earlier. Each additional one-half hour - $40; ("appearance" includes participation by telephone or video conference)

    (3) for a study and evaluation of the medical evidence in a remanded case - $80 per case;

    (4) to answer in writing, interrogatories on medical issues in a case - $50 per case;

 (5) for study and written evaluation of additional evidence in a case for which a fee was previously charged - $50 per case.

C. As requested, provide professional consultation regarding matters for hearings under Title XI on appeals from adverse determinations of Professional Standards Review, in the same manner and for the same fees as set forth in Paragraph A, Items (1) through (5) above. A ME must inform the Administrative Law Judge (ALJ) if:

 (1) He/she is a staff member of the facility in which the services in question were provided or are proposed to be provided; or

 (2) He/she is either in partnership or group practice with the practitioner who furnished or proposed to furnish the services in question. (See paragraph 4.A for exclusions.)

D. As requested:

 (1) to participate in group discussions with ALJs and/or representatives of the Headquarters or a Regional Office of OHA involving questions about the nature, extent, and severity of various types of impairments - $50 per session;

 (2) to deliver a lecture requiring special preparation in connection with the foregoing - $50 per lecture; or

 (3) to attend a formal Continuing Legal Education Seminar - $80 per seminar.

E. The ME will be entitled to reimbursement for travel and per diem costs in a manner consistent with the Federal Travel Regulation (41 CFR 301-304). Upon request, the ordering office will assist in preparing and submitting the necessary travel reimbursement document.

F. As determined, compensation cannot be authorized for any of the above-mentioned fees in those cases wherein the ME has previously rendered a medical opinion in a capacity other than that of a medical expert for OHA. It is incumbent upon the ME to disqualify himself/herself in such cases and in any other cases in which he/she has had prior knowledge or experience in a capacity other than that of a ME for OHA.

II. **TRAVEL EXPENSES**

The contractor shall be separately reimbursed for travel expenses. Reimbursement will be based on actual costs in accordance with Government travel regulations. Travel expenses are not considered in the threshold for placing orders against the BPA.