IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 17 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ENEDELIA GONZALEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-04-123 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner, Social | § | |
| Security Administration, | § | |
| Defendant. | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, Jo Anne B. Barnhart, Commissioner of the Social Security Administration (Commissioner), by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and his designated attorney-in-charge, Kerry J. Simpson, Special Assistant United States Attorney, files her motion for summary judgment with supporting brief.

### I. ISSUE

The issue is whether the Commissioner properly determined that Plaintiff, Enedelia Gonzalez (Gonzalez), was not disabled for the purposes of Title XVI of the Social Security Act (Act).

### II. STATEMENT OF THE CASE

Gonzalez filed an application for supplemental security income benefits under Title XVI of the Act on August 30, 2002, alleging that she was disabled due to arthritis, back

problems, and fainting. (Tr. 19, 74, 109).[1]/ Gonzalez's application was denied at the initial and reconsideration levels. (Tr. 40-59). Gonzalez requested a hearing before an administrative law judge (ALJ), which was held on March 3, 2004. (Tr. 39, 182-95). In a decision dated March 26, 2004, the ALJ found that Gonzalez was not disabled because she did not have a severe impairment and could perform work that exists in significant numbers in the national economy. (Tr. 13-22). Gonzalez requested review of the ALJ's decision, and the Appeals Council denied her request for review on June 4, 2004, making the ALJ's determination the final decision of the Commissioner. (Tr. 3-12). Gonzalez now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

### III. ARGUMENT

A. **Standard of Review**

Judicial review of the Commissioner's final decision of not disabled is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

---

1/   The abbreviation "Tr." refers to the page of the administrative transcript which was filed in the district court with the Commissioner's answer.

**B.    Disability Evaluation and Burden of Proof**

A claimant is not entitled to disability benefits unless she establishes that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  Cook v. Heckler, 750 F.2d 391, 393 (5th Cir. 1985).  In determining whether a claimant can engage in substantial gainful activity, the Commissioner applies a five-step sequential evaluation process.  Bowling v. Shalala, 36 F.3d 431, 435 (5th Cir. 1994).

The rules governing the steps of this evaluation process are:  (1) a claimant who is working, engaging in substantial gainful activity, will not be found disabled no matter what the medical findings are; (2) a claimant will not be found disabled unless she has a severe impairment; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work she has done in the past must be found not disabled; and (5) if the claimant is unable to perform her previous work as a result of an impairment, factors such as age, education, work experience, and residual functional capacity must be considered to determine whether she can do other work.  Id.  A finding that a claimant is disabled or not disabled at any point in the five-step process is conclusive and terminates the Commissioner's analysis.  Id.

The burden of proof is on the claimant for the first four steps, in which the claimant must prove that she has a disability by establishing a medically determinable physical or mental impairment that prevents any substantial gainful activity. 42 U.S.C. § 1382; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 142 (1987); <u>Haywood v. Sullivan</u>, 888 F.2d 1463, 1467 (5th Cir. 1989); <u>Mays v. Bowen</u>, 837 F.2d 1362, 1364 (5th Cir. 1988). If the claimant meets the burden of proof, the burden then shifts at step five to the Commissioner to show the existence of employment for the claimant by pointing to testimony at the hearing that a number of jobs suited to the claimant's capabilities were available in the claimant's geographical locale. <u>Morris v. Bowen</u>, 864 F.2d 333, 335-36 (5th Cir. 1988). If the Commissioner meets the step five burden of proof, the burden shifts back to the claimant to rebut this finding. <u>Selders v. Sullivan</u>, 914 F.2d 614, 618 (5th Cir. 1990).

### C.    **The ALJ Properly Found That Gonzalez Was Not Disabled.**

Gonzalez contends that the ALJ disregarded the opinion of an examining physician and relied on the opinions of reviewing physicians. Pl.'s Br.[2] at 4. The Commissioner submits that substantial evidence supports the ALJ's determination.

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as could be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R.

---

[2]    The abbreviation "Pl.'s Br." refers to Plaintiff's Brief filed in this matter.

§ 416.923; Crowley v. Apfel, 197 F.3d 194, 197 (5th Cir. 1999). If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." 20 C.F.R. § 416.923. A decision of not disabled at step two of the sequential evaluation process is governed by the Agency's regulations and is based on medical factors alone. Social Security Ruling (SSR) 88-3c.

An impairment is "severe" if it has a significant limitation upon the claimant's ability to perform basic work-related activities. 20 C.F.R. §§ 416.920(c), 416.921; see also Bowen v. Yuckert, 482 U.S. 137 (1987) (upholding the validity of the severity regulation). Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking. 20 C.F.R. § 404.1521(b). Basic work activities also include understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. Id. However, the Social Security Administration (SSA) and the Fifth Circuit have interpreted the severity standard to require a finding of no more than a "slight abnormality," having no more than a minimal effect upon the ability to work, to support a finding of no severe impairment. Stone v. Heckler, 752 F.2d 1099, 1104-05 (5th Cir. 1985); see also SSR 85-28. In this case, the ALJ expressly applied the slight abnormality standard, cited to Stone v. Heckler, and found that Plaintiff had no severe impairments. (Tr. 20). The Commissioner respectfully submits that substantial evidence of record supports this finding.

Gonzalez filed her application on August 30, 2002, and the record shows that Gonzalez had two consultative examinations, which were conducted both before and after this date. (Tr. 19-21). Dionisio B. Calvo, III, M.D., examined Gonzales on February 16, 2001, and noted that Gonzalez did not know how to drive, was able to perform all of her daily activities, including cooking and household chores, and went shopping. (Tr. 138). Gonzalez was obese, with a weight of 182 pounds and a height of 59 inches. (Tr. 138). Gonzalez walked unassisted, was able to transfer to and from the examining table without difficulty, and was able to dress and undress herself without problem. (Tr. 138). Gonzalez's head, neck and spine were normal, and she had normal coordination. (Tr. 139). Gonzalez's motor function was intact, her gait was normal, and she was able to stand with both feet together. (Tr. 139). Dr. Calvo diagnosed Gonzalez with polyarthralgia without any evidence of any contracture deformity, subluxation, atrophy, fasciculations, or radiculopathy. (Tr. 139).

John W. Reeder, M.D., examined Gonzalez on November 5, 2002, finding that she weighed 183 pounds and was 58 ½ inches tall. (Tr. 142). It should be noted that this weight is comparable to Gonzalez's weight of 182 pounds when she was examined on February 16, 2001. (Tr. 138). Dr. Reeder found that Gonzalez had clear breath sounds, and that her heart had a regular rhythm with normal tones. (Tr. 138). Gonzalez had no definite tenderness, deformity, or limitation of rotation, flexion, or extension when Dr. Reeder examined her head and neck. (Tr. 142). When Dr. Reeder examined Gonzalez's back, he determined that there was no limitation of flexion and no spasticity. (Tr. 142). Dr. Reeder stated, "She has

6

a little bit of difficulty in bending but this is primarily because the huge stomach." (Tr. 142). A straight leg raising test was negative. (Tr. 142).

Dr. Reeder also found that Gonzalez's extremities showed no edema, no cyanosis, and no clubbing. (Tr. 142). Gonzalez's pedal pulses were palpable, and there was no joint deformity or limitation of motion. (Tr. 142). Gonzalez could walk on heels and toes, hop, and squat without difficulty, except for that imposed by the large abdomen. (Tr. 142). Dr. Reeder noted that an x-ray of Gonzalez's lumbosacral spine was normal except for scattered osteophytes. (Tr. 143). Dr. Reeder diagnosed Gonzalez with obesity and complaints of back pain. (Tr. 143). Dr. Reeder stated the following:

> "Based on the current evidence, we would estimate the patient's ability to do 'work activities' as follows: sitting 100%, standing 80%, moving about 75%, lifting 70%, carrying 70%, handling objects 90%, hearing 100%, and speaking 100%."

(Tr. 143). Gonzalez argues that Dr. Reeder's opinion establishes that she had a severe impairment. Pl.'s Br. at 5.

Gonzalez claims that the ALJ disregarded Dr. Reeder's opinion by improperly relying on medical expert testimony that supported State Agency determination that Gonzalez was not disabled. Pl.'s Br. at 4-7. Charles Murphy, M. D., a non-examining medical expert, testified that Gonzalez had a diagnosis of arthritis, but that it was "not borne out in the records." (Tr. 192). Dr. Murphy noted that the consultative examiners found that Gonzalez had "normal exam, normal range of motion, no deformities or anything." (Tr. 193). Dr. Murphy's observations are consistent with the examinations of both Dr. Calvo

and Dr. Reeder. (Tr. 139, 142-43, 193). When Dr. Murphy was questioned about the limitations assessed by Dr. Reeder, he stated, "Well, he said the vast majority of the limitation is secondary to obesity." (Tr. 193-94). Dr. Murphy noted that Dr. Reeder did not limit Gonzalez due to her back. (Tr. 194). Dr. Murphy testified that he "wouldn't limit her based on the symptoms there." (Tr. 194). When the ALJ asked him if Gonzalez had non-severe impairments, Dr. Murphy answered, "Yes." (Tr. 194).

The ALJ noted that a State Agency reviewer examined the record and determined that Gonzalez had non-severe impairments because her allegations were not "wholly supported by the medical evidence of record." (Tr. 21, 28, 101). The role that State Agency medical consultants play in the disability evaluation process is discussed in SSR 96-6p. "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p. "The consultants consider the medical evidence in disability cases and make findings of fact on the medical issues, including, but not limited to, the existence and severity of an individual's impairment(s), [and] the existence and severity of an individual's symptoms..." Id. Since State Agency medical consultants are considered experts in the Social Security disability programs, the regulations require the ALJ to consider their findings of fact about the nature and severity of an individual's impairments as opinions of non-examining physicians and psychologists. 20 C.F.R. § 416.927(f). The ALJ reviewed the evidence basing the non-examining physicians' opinions and stated, "I concur with the findings of the State Agency and Dr. Murphy."

8

Gonzalez argues that the ALJ's reliance of the medical expert's testimony is not in accordance with the Fifth Circuit's ruling in Newton v. Apfel, 209 F. 3d 448, 458 (5th Cir. 2000). However, in addressing when an ALJ may reject the findings and conclusions of physicians, the Fifth Circuit has held that "[t]he [Commissioner] is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987). The Commissioner is responsible for making the determination about whether a claimant meets the statutory definition of disability by reviewing all the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. § 416.927(e)(1). In this case, the evidence does not support Dr. Reeder's opinion because the results of the examination showed no problems, and were consistent with a prior evaluation, which also was normal. (Tr. 138-39,142-43). This competing first-hand medical evidence from another physician shows no limitations were assessed for a normal examination, and the Commissioner maintains that the ALJ properly considered all evidence in the record and that Dr. Reeder's opinion should not be given controlling weight. Newton, 209 F.3d 448 at 457.

## IV. CONCLUSION

The Commissioner respectfully submits that the ALJ properly considered the evidence of record and that substantial evidence supports the final administrative decision denying supplemental security income benefits. Therefore, the Commissioner respectfully requests that the Court AFFIRM the administrative decision, and DISMISS Plaintiff's complaint.

                                              Respectfully submitted,

                                              Michael T. Shelby
                                              United States Attorney

                                              Tina M. Waddell
                                              Regional Chief Counsel, SSA
                                              Special Assistant United States Attorney

By: _____
                                              KERRY J. SIMPSON
                                              Special Assistant United States Attorney
                                              S.D. TX Admission No. 27735
                                              Texas State Bar No. 11256250
                                              Office of the General Counsel, Region VI
                                              Social Security Administration
                                              1301 Young Street, Suite 430
                                              Dallas, Texas 75202
                                              Ph.: (214) 767-5582/Fax: (214) 767-9189

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of the foregoing Brief in Support of Defendant's Motion For Summary Judgment was mailed to Plaintiff's attorney, John J. Ingram, II, Ingram Law Firm, P.C., 3016-A North McColl, McAllen, Texas 78501, via United States mail on this 16th day of November, 2004.

*/s/ Kerry Simpson*
**KERRY J. SIMPSON**
Special Assistant United States Attorney